[Civ. No. 1875.   Second Appellate District.—October 2, 1917.]

## ALBERT E. CHURCH, Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND (a Corporation), Appellant.

INSURANCE LAW—ACTION ON ACCIDENT POLICY—CAUSE OF INJURY—SUFFICIENCY OF EVIDENCE.—In an action to recover on an accident insurance policy, wherein the insurance company claimed that the unconscious condition of the insured which followed a fracture of his hip was due to an operation performed several years previous to relieve the pressure on the brain due to a former accident, rather than to the shock and suffering entailed from the fracture, and it was shown that since the trepanning operation he had never at any time suffered any ill-effects therefrom, and that at the time of the accident in question he was mentally and physically sound, a judgment in favor of the plaintiff is justified.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

A. L. Abrahams, J. Crider, Jr., and Chas. W. Fricke, for Appellant.

Porter & Sutton, for Respondent.

SHAW, J.—The only point requiring notice in this appeal by defendant from a judgment rendered in favor of plaintiff upon an accident policy issued to him by defendant is whether or not the evidence supports certain findings of the court upon which the judgment is based.

On July 14, 1913, defendant issued to plaintiff, who was a member of the Los Angeles fire department, an accident insurance policy, the express consideration for the issuance of which, other than the premium specified, was "the agreements and statements in the copy of application set forth hereon, which statements the insured makes and warrants to be true by the acceptance of this policy."   This copy of application, to which, however, plaintiff did not attach his signature, contained a statement as follows: "I am in sound condition mentally and physically."   We may dismiss from

consideration the effect of plaintiff's failure to sign this so-called application, and concede for the purposes of this case that his acceptance of the policy to which it was attached was the same in effect as though he had signed the same, for the reason that the court upon sufficient evidence found "that plaintiff was in sound condition, mentally and physically, on the fourteenth day of July, 1913, at the time said policy was issued." The facts connected with the accident as a result of which plaintiff was injured are as follows: It appears from the evidence that on the evening of April 14, 1914, plaintiff was awakened by a fire-alarm, and, in some unexplained manner, fell through the pole-hole used by the firemen as a means of descending from the room occupied by them to the ground floor. As a result of this fall the bone designated as the femur of the right hip was fractured. Plaintiff was taken to the receiving hospital where, shortly after his arrival, he became unconscious, which condition continued for some eight weeks.

The evidence upon which appellant bases its contention that plaintiff was not in sound condition, as found by the court, is that some ten years prior to the time of the issuance of the accident policy, namely, in September, 1904, he, while serving in the fire department, was injured by the falling of a roof, a part of which struck him on the head and, while of insufficient force to knock him down, he was three or four days later, as a result thereof, the subject of a delirious attack. As a remedy for this condition resort was had at the time to a trepanning operation, which afforded immediate relief, and from thence to April 14, 1914, at the time of the injury, indemnity for which is herein sought, there was nothing in plaintiff's manner, appearance, complaint, or feeling to indicate that his condition was other than sound, both mentally and physically; in other words, his physical and mental condition was absolutely unimpaired by the operation mentioned. Nevertheless defendant insists that the unconscious condition of plaintiff following the fracture of the hip joint occurring in April, 1914, was due, not to such injury, but to the operation in trepanning the skull some ten years prior thereto. And such was the opinion of a medical expert called as a witness on behalf of defendant. As against this testimony, however, was that of plaintiff himself to the effect that since the operation he had never during the intervening time experienced any ill-

effects therefrom, together with that of his fellow-employees that during all of said time he had appeared in à normal condition, and that of other physicians, which clearly tended to negative the testimony given by Dr. French, the expert called on behalf of defendant. Plaintiff was not questioned with reference to whether or not he had previously sustained any accident, nor the nature thereof.. He was not subject to any disease or disorder, and the court was justified in concluding that the unconscious condition following the fracture of the hip was, as stated by one of the medical witnesses, attributable to the shock and suffering which it entailed, rather than to the operation performed ten years before to relieve the pressure upon the brain due to the former accident. While there is some conflict of evidence, that in support of the finding is ample to justify the same. This being true, the question as to whether or not the unsigned application constituted a warranty becomes immaterial; for, conceding it to be a warranty, the finding is that it was true.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 26, 1917.